**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALRAJ SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71725<br><br>Agency No. A073-426-080<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Balraj Singh, a native and citizen of India, petitions pro se for review of the

Board of Immigration Appeals ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen, *Toufighi v.*

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because the motion was filed almost seven years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present material evidence of changed circumstances in India to qualify for the regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.") (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992).

We reject Singh's contentions that the BIA failed to consider fully Singh's arguments and evidence or to explain adequately its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We lack jurisdiction to review any challenge Singh raises to the BIA's underlying order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture, because the petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petitions for review must be filed

within 30 days of the final order of removal); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**